IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KENNEDY L. SCOTT, JR.,

    Petitioner,

v.

                                                          CASE NO. 2:11-cv-0414-IPJ-PWG

JOHN T. RATHMAN, et al.,

    Defendants.

## MEMORANDUM OPINION

    This habeas action was filed by Kennedy L. Scott (the "petitioner" or "Scott") pursuant to 28 U.S.C. § 2241. Petitioner claims the Bureau of Prisons ("BOP") has abused its discretion in relation to the recommended time of placement in a residential reentry center ("RRC"). He challenges the BOP's discretion when making an RRC placement decision pursuant to the Second Chance Act of 2007 codified at 18 U.S.C. § 3624(c).

    On December 9, 2009, Scott was sentenced in the United States District Court for the Southern District of Georgia to a term of 36-months of imprisonment followed by six years of supervision. On September 21, 2010, Scott was reviewed for RRC placement by his Unit Team. Based on several factors, the Unit Team recommended Scott for 178 days of RRC placement. Specifically, Scott was recommended for an RRC placement date of May 31, 2011, 178 days or approximately six months from his projected release date of November 24, 2011.

    Scott filed this petition, challenging the BOP decision "to place him in a[n RRC] for only six months prior to his release date, instead of the statutorily permitted twelve months . . . ." At the time of his petition, Scott was incarcerated at the Federal Correctional Institution in

Talladega, Alabama, and projected for release on November 24, 2011, via good conduct time release. According to the United States Attorney's Office and the Bureau of Prisons website, petitioner has since completed his term of incarceration and was released on November 23, 2011. Petitioner's objective in filing his petition was to obtain placement in an RRC for a period longer than the final six months of his sentence. Furthermore, although petitioner may still be serving his term of supervised release, no claim made in his petition could alter the supervised release portion of his sentence. Therefore, the issues presented in this case are moot, as the court can no longer provide petitioner meaningful relief. *See Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) ("[A] case must be dismissed as moot if the court can no longer provide 'meaningful relief'"). Accordingly, this matter is due to be dismissed. *See Villegas v. Bureau of Prisons*, 2011 WL 6371424 (M.D. Ala. Nov. 11, 2011).

For the reasons stated above, the petition for habeas corpus is due to be DISMISSED WITHOUT PREJUDICE. A separate final order will be entered

As to the foregoing it is SO ORDERED this the 28th day of February 2012.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE